United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Nathaniel and Carol Ann Neal,
                Debtors.
_____/

Case No. 08-57254-R
Chapter 7

Wendy Turner Lewis, Trustee,
                Plaintiff,

v.

Adv. No. 08-5147

Public Service Credit Union,
                Defendant.
_____/

Opinion on Cross-Motions for Summary Judgment

I.

On June 13, 2005, the debtors, Nathaniel and Carol Ann Neal, obtained a $20,000 loan from Public Service Credit Union ("PSCU"). To secure the loan, they executed a mortgage on their residential property, located at 7950 Hathon, Detroit, Michigan. The original mortgage was never recorded.

On April 16, 2008, PSCU filed an affidavit of lost mortgage and a copy of the original mortgage with the Wayne County Register of Deeds. (See Ex. A to Def's Br. in Supp. of Mot. for Summ. J.) The affidavit was assigned a liber and page number on that date. The affidavit indicated that its purpose was to confirm that the property was encumbered by the mortgage and to give third parties notice of the mortgage.

On July 17, 2008, the Neals filed for chapter 7 bankruptcy relief. The trustee filed this adversary proceeding against PSCU on September 23, 2008, seeking to avoid the mortgage under 11

U.S.C. §§ 547(b), 544(a)(1), and 544(a)(3).

In its answer to the complaint, PSCU contends that the affidavit of lost mortgage put all parties on notice of the mortgage and that the affidavit was filed 91 days pre-petition, which is outside of the preference period.

The parties filed cross-motions for summary judgment. Following a hearing on February 2, 2009, the Court took the matter under advisement. On February 18, 2009, the Court issued an order granting summary judgment in favor of PSCU as to the trustee's claim under 11 U.S.C. § 544(a)(3). The Court requested additional briefing on the issue of the avoidability of the mortgage under 11 U.S.C. § 544(a)(1) if the mortgage is deemed unrecorded.

II.

The trustee contends that a mortgage must satisfy three requirements to be duly recorded in Michigan, as set forth by the court in *Gold v. Interstate Fin. Corp.* (*In re Schmiel*), 362 B.R. 802 (Bankr. E.D. Mich. 2007). First, it must be received by the register of deeds under MCL § 565.25(1). Second, the mortgage must meet the technical requirements for recording under MCL § 565.201. Finally, the recording fee must be paid when the mortgage is left for recording. The trustee argues that a mortgage that does not satisfy these requirements is ineffectual for recording purposes.

The trustee asserts that an affidavit of lost mortgage cannot serve as a substitute for a properly recorded mortgage. In this case, the trustee contends that the affidavit did not satisfy the recording requirements for three reasons. First, it contained no grantee address. Second, it purported to evidence more than one recordable event. Third, it was not accompanied by the proper recording fee. The trustee contends that therefore her status as a judgment lien creditor under § 544(a)(1) is superior to PSCU's status as the holder of an unrecorded mortgage.

PSCU contends that the filing of the affidavit of lost mortgage perfected the mortgage under Michigan law. PSCU asserts that the affidavit it filed satisfied all of the statutory requirements and was accepted for recording by the Wayne County Register of Deeds. PSCU relies on *Camacho v. Homeq Servicing Corp.* (*In re Camacho*), 311 B.R. 186 (Bankr. E.D. Mich. 2004), wherein the court found that the filing of an affidavit of lost mortgage was an appropriate document to perfect an interest in real property.

III.

The first issue before the Court is whether the recording of the affidavit of lost mortgage constitutes perfection under Michigan law.

Under M.C.L.A. § 565.29, the holder of a real estate interest who first records generally has priority over subsequent purchasers. *Richards v. Tibaldi*, 726 N.W.2d 770, 780 (Mich. App. 2006). *See* M.C.L.A. § 565.29 (West 1988) ("Every conveyance of real estate within the state . . . which shall not be recorded . . . shall be void as against any subsequent purchaser in good faith and for a valuable consideration, of the same real estate or any portion thereof, whose conveyance shall be first duly recorded.").

M.C.L.A. § 565.201 sets forth the requirements for recording an instrument conveying property with the register of deeds and provides, in pertinent part:

> (1) An instrument executed after October 29, 1937 by which the title to or any interest in real estate is conveyed, assigned, encumbered, or otherwise disposed of shall not be received for record by the register of deeds of any county of this state unless that instrument complies with each of the following requirements:
>
> > (a) The name of each person purporting to execute the instrument is legibly printed, typewritten, or stamped beneath the **original signature** or mark of the person.

M.C.L.A. 565.201(1)(a) (Emphasis added).

M.C.L.A. § 565.451a governs the recording of an affidavit and provides, in relevant part:

> Sec. 1a. An affidavit stating facts **relating to any of the following matters** which may affect the title to real property in this state made by any person having knowledge of the facts or by any person competent to testify concerning such facts in open court, may be recorded in the office of the register of deeds of the county where the real property is situated:
>
> > (a) Birth, age, sex, marital status, death, name, residence, identity, capacity, relationship, family history, heirship, homestead status and service in the armed forces of parties named in deeds, wills, mortgages and other instruments affecting real property;

M.C.L.A. 565.451a (Emphasis added).

M.C.L.A. § 565.453 provides:

> Sec. 3. The affidavit, whether recorded before or after the passage of this act, may be received in evidence in any civil cause, in any court of this state and by any board or officer of the state in any suit or proceeding affecting the real estate and shall be prima facie evidence of the facts and circumstances therein contained.

M.C.L.A. 565.453.

In *In re Camacho*, the court held that under Michigan law, an affidavit of lost mortgage filed by a mortgage assignee was sufficient to put any purchaser of mortgaged property on notice of the assignee's asserted interest. *Camacho*, 311 B.R. at 191 ("From and after the date of recording the Affidavit, any purchaser of the Robeson property was placed on notice of the Defendant's Mortgage. Under Michigan's race-notice statute, Mich. Comp. Laws Ann. § 565.29, the recording of the Affidavit perfected the Defendant's Mortgage.").

The trustee argues that *Camacho* was effectively overruled by *In re Schmiel*. It is the trustee's

4

position that unless the three requirements for recording set forth in *Schmiel* are satisfied, a document cannot be recorded.

PSCU disputes the trustee's position that the affidavit was not recordable because it did not comply with the requirements set forth in *In re Schmiel*. PSCU contends that those requirements apply to the recording of a mortgage, which is not the issue here. PSCU argues that the issue here is whether the affidavit was properly recorded and therefore perfected the mortgage.

The Court concludes that the recording statutes apply to any instrument that conveys an interest in property and that the affidavit did not itself convey an interest in property. Therefore it cannot be recorded to establish the conveyance or to perfect the conveyance. The Court, therefore, disagrees with the holding in *Camacho*. Because the mortgage itself was not recorded, it was not perfected. Although a copy of the mortgage was attached to the affidavit, it did not contain an original signature and therefore did not meet the requirements for recording a real estate conveyance. *See* M.C.L.A. § 565.201(1)(a).

The Court further concludes that the language of M.C.L.A. § 565.451a simply does not allow a party to file an affidavit of lost mortgage as a substitute for the original. As noted above, the statute permits a party to file an affidavit of facts relating to matters specifically listed, which are exclusively demographic facts relating to parties who are named in real estate instruments - "[b]irth, age, sex, marital status, death, name, residence, identity, capacity, relationship, family history, heirship, homestead status and service in the armed forces." Nothing in the language expressly permits the filing of an affidavit of lost mortgage. If the legislature had intended the result sought by PSCU, it would have specifically so provided. It is not for this Court to stretch the language that permits an affidavit of a demographic fact to cover something so important as an affidavit of a lost mortgage.

5

The Court certainly recognizes that in this case the register of deeds accepted this affidavit of lost mortgage for filing and may do so as a matter of policy and practice. Further, the apparent interpretation and application of its own governing statute may be entitled to some weight. Nevertheless, the Court must conclude that the statute is clear enough on its face in describing the types of disclosures that may be made in an affidavit presented for filing and that a lost mortgage is not among them. It is equally clear that even if recorded, an affidavit of lost mortgage does not perfect a mortgage as if the original had been properly recorded.

Because the mortgage was not perfected, the transfer is deemed to have occurred immediately before the filing of the bankruptcy petition. 11 U.S.C. § 547(e)(2)(c). It is therefore avoidable under 11 U.S.C. § 547(b).

The mortgage is also avoidable under 11 U.S.C. § 544(a)(1), which "grant[s] a bankruptcy trustee the status of a hypothetical lien creditor who is deemed to have perfected his interest as of the date of the filing of the bankruptcy petition." *Rogan v. Bank One, N.A.* (*In re Cook*), 457 F.3d 561, 564 (6th Cir. 2006). The Court notes that PSCU does not dispute the trustee's contention that if the mortgage is determined to be unrecorded, the trustee prevails under § 544(a)(1).

Accordingly, the trustee's motion for summary judgment as to 11 U.S.C. §§ 547(b) and 544(a)(1) is granted and the defendant's motion as to those two claims is denied.

For Publication.

**Signed on June 18, 2009**

                                             /s/ Steven Rhodes
                                            **Steven Rhodes**

**United States Bankruptcy Judge**